UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Treshawn Ivey, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 9:07-4025-GRA-BM |
| | ) | |
| vs. | ) | |
| | ) | |
| Jon Ozmint, Director of South Carolina Department of Corrections; Bernard McKie, Warden, Kirkland Correctional Institution, Columbia South Carolina; and Unknown Executioners, individually and in Their official capacities, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants | ) | |

This action has been filed by the Plaintiff, an inmate with the South Carolina Department of Corrections on Death Row, seeking, inter alia, a permanent injunction prohibiting his execution by lethal injection under the current standards and practices of South Carolina. While Plaintiff has a separate habeas action pending; see Ivey v. Ozmint, C/A No. 0:07-4024; this action has been filed pursuant to 42 U.S.C. § 1983. See Hill v. McDonough, 126 S.Ct. 2096 (2006) [appropriate vehicle for prisoner to challenge proposed procedure used in administering death penalty is § 1983].

The Plaintiff has now filed a motion to dismiss this action without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P. Plaintiff notes that, since the filing of this action, the United States Supreme Court decided the case of Baze v. Rees, 128 S.Ct. 1520 (2008), in which the Court upheld a lethal injection protocol used by the Commonwealth of Kentucky, and further holding that a State "with a lethal injection protocol substantially similar to the protocol we uphold today would not create a risk that meets this standard." Baze, 128 S.Ct. at 1537. Defendants contend that the



protocol now used by the State of South Carolina post-Baze is substantially similar to the Kentucky protocol, and therefore constitutional under Baze, and further points to an order issued in Williams v. Ozmint, Civil Action No. 3:08-655 (denying a stay of Williams' execution), in which U. S. District Judge Cameron Currie found that Williams had not "shown a significant possibility of success on the merits of this Eighth Amendment challenge to South Carolina's lethal injection protocol." See Order filed February 6, 2009, p. 11.[1] Plaintiff therefore seeks dismissal of this action, without prejudice, conceding that he is not in a position to challenge South Carolina's lethal injection protocol at this time but seeking to preserve his right to do so in the future if he believes the manner under which lethal injections are carried out in this state in the future fail to pass constitutional muster under Baze. See Baze, 128 S.Ct. at 1532 [A state's refusal to change its method of execution can be view as "cruel and unusual" under the Eighth Amendment if the State refuses to adopt feasible, readily implemented procedures which would significantly reduce a substantial risk of severe pain].

Defendants' generally oppose Plaintiff's motion, as they would like a decision on the merits addressing South Carolina's lethal injection protocol. In the alternative, the Defendants request that, if this case is dismissed without prejudice, Plaintiff be prohibited from refiling any such action after the issue of an order of execution by the South Carolina Supreme Court, and that further any new action should return to the exact procedural and discovery posture in which the case is presently.

[1]There were in fact at one time three cases pending in this Court challenging South Carolina's lethal injection protocol. Gardner v. Ozmint (Civil Action No. 07-3528), Williams v. Ozmint (Civil Action No. 08-0655), and the instant action. Both Gardner and Williams have now been executed, and those cases have been dismissed.





After careful review and consideration of Plaintiff's motion and the Defendants' response, the undersigned finds and concludes that Plaintiff's motion should be granted, with certain conditions. A sentence of death is the most severe punishment which can be imposed by society, and the procedures and safeguards which have been established and which must be followed before such a severe sentence can be carried out are among the strictest and most carefully scrutinized in our criminal jurisprudence. While Defendants would understandably like to pursue this case to a conclusion on the merits in order to establish a precedent for South Carolina's lethal injection protocol, the litigants in such a proceeding must on *both sides* be fully committed to the cause and willing and able to pursue the matter with appropriate vigor and resolve. The Plaintiff here, by his own admission through counsel, is not in a posture, or of a mind, to continue with this case at this time in light of the Baze decision and other recent developments. While not conceding South Carolina's protocol to be constitutional in light of Baze, as a death row inmate, he is not prepared to continue to challenge the matter at the present time in light of recent developments and without further history of the use of this newly implemented protocol by the State. Indeed, in light of recent events, Plaintiff may not ever choose to again attempt to litigate this matter, and appears to acknowledge that he may become part of the history of the administration of lethal injection under the protocol on which a future challenge may be based. That is his decision, but the undersigned does not find that he should be forced to further litigate an issue which is of such importance to him personally when he himself does not wish to do so.

Further, a plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice through the defendant. Andes v. Versant, 788 F.2d 1033, 1036-1038 (4th Cir. 1986). The undersigned can discern no prejudice to the Defendants in a





dismissal of this case without prejudice. First, the Defendants will be able to continue to use the protocol, which is the goal they seek. Further, as noted in Defendants' brief, discovery was had in the Williams litigation with that information already being part of the public record in that case, and in which a motion for summary judgment had been filed. Any refiling of this action by the Plaintiff would not require the Defendants to do any additional research, and indeed Defendants concede that they are already ready to file their summary judgment motion (which the Court assumes would be substantially similar if not identical to that already filed in the Williams case), so little if any additional research and drafting would be required, as it has all already been done and can be readily used in any future case contesting South Carolina's lethal injection protocol. The undersigned does agree, however, that in the event the Plaintiff here refiles an action contesting the protocol, that upon refiling the new action should return to the exact procedural and discovery posture in which the case is presently. David v. U.S.X. Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)["Rule 41(a)(2) . . . permits the District Court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal with prejudice"].

**Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motion to dismiss this case, without prejudice, pursuant to Rule 41(a)(2) Fed.R.Civ.P., be **granted**, and that this case be **dismissed** without prejudice, with the requirement that any new filing by this Plaintiff asserting the claim set forth herein be placed in the exact procedural and discovery posture in which this case is presently pending.





The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

March 24, 2009
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 292402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

