**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Thomas Treshawn Ivey, SCDC # 5001, | ) |
| | ) Civil Action No. 0:07-04025-GRA-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Jon Ozmint, Director, South Carolina | ) |
| Department of Corrections, in his | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 24, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.).   This action was filed by the Plaintiff, an inmate with the South Carolina Department of Corrections on Death Row, seeking, a permanent injunction prohibiting his execution by lethal injection under the current standards and practices of South Carolina.   Plaintiff filed this action pursuant to § 1983 challenging the proposed procedure of execution.  *See Hill v. McDonough*, 126 S.Ct. 2096 (2006) (noting that the appropriate vehicle for prisoner to challenge proposed procedure used in administering death penalty is § 1983).

The magistrate makes only a recommendation to this Court.   The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).   The plaintiff offered no objections to the Report and Recommendation.  The defendant, however, objects that this case should be dismissed with prejudice.  Alternatively, the plaintiff should be prohibited from filing after the South Carolina Supreme Court issues an Order of Execution. Finally, the defendant asks that if refiling is permitted, the new action should return to the exact procedural and discovery posture in which the case is presently.

Under Rule 41(a)(2), FRCP, a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Rule

41(a)(2), FRCP. The Fourth Circuit has explained that "[t]he decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Id.*

The defendant objects that dismissing this case without prejudice will cause him unfair prejudice. First, the defendant argues that the Plaintiff is precluded from conducting any further discovery in this case. Second, the defendant argues that Plaintiff does not require any discovery on the "substance of the protocol" and that there is nothing relevant that can be discovered. Finally, the defendant argues that allowing the plaintiff to refile this matter could lead to exceptional delay and expense.

After a complete review of the record, and pleadings, the Court finds that allowing dismissal without prejudice will serve the best ends of justice. However, cognizant of the issues raised by the defendant, the Court requires that any refiled action shall return to the same procedural and discovery posture as this case currently sits.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Plaintiff's motion to dismiss this case, without

prejudice, pursuant to Rule 41(a)(2) Fed.R.Civ.P., is GRANTED, and the case is dismissed without prejudice, with the requirement that any new filing by this Plaintiff asserting the claim set forth herein be placed in the exact procedural and discovery posture in which this case is presently pending.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
April 13, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.